# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY DAVID PARR, <br> JOHN MICHAELS, <br>     Plaintiffs, <br><br> v. <br><br> GEORGE KYRIAKODIS, *et al.*, <br>     Defendants. | <br><br><br><br> CIVIL ACTION NO. 19-CV-1932 |

## MEMORANDUM

**PRATTER, J.**                                                                                                         **June 21, 2019**

*Pro se* Plaintiffs Timothy David Parr and John Michaels have filed this civil action alleging claims against George Kyriakodis, a tax enforcement officer in Upper Moreland, Pennsylvania, and Pennsylvania Attorney General Joshua Shapiro. The Complaint raises claims for civil rights violations under 42 U.S.C. § 1983. Plaintiff Parr also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Parr's motion for leave to proceed *in forma pauperis*, dismiss his claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and permit Mr. Parr to file an amended complaint. Because Plaintiff Michaels failed to comply with the Court's Order entered on May 9, 2019 (ECF No. 4) directing him to (1) pay the filing fee or (2) file a motion for leave to proceed *in forma pauperis* within thirty days, and advising him that the failure to do so would result in the dismissal of his claims without further notice for failure to prosecute, Mr. Michaels's claims will be dismissed without prejudice.

## I. FACTS

Mr. Parr alleges that Defendant Kyriakodis, in his capacity as the Business Tax Officer/Auditor for the Township of Upper Moreland, sent a letter dated April 24, 2019 to "R&G

Contractors Attention: Tim Parr" notifying the addressee that a "Citation for 'failure to file' a delinquent form with this office has been processed as referenced on the enclosed copy." (ECF No. 2 at 17.)[1] Appended to the Complaint is a copy of a Non-Traffic Citation/Summons #R1598494-4, signed by Mr. Kyriakodis, citing R&G General Contractors of 3644 Parkview Drive, Bensalem, Pennsylvania for failing to file a business privilege registration in Upper Moreland. (ECF No. 2 at 12, 15.) Also attached to the Complaint is a copy of a summons issued on April 24, 2019 by Montgomery County District Justice Jay S. Friedenberg to R & G General Contractors bearing docket number MJ-38208-87-2019. (ECF No. 2 at 11.)

Although it is not entirely clear from Mr. Parr's Complaint, he appears to allege a violation of his Due Process rights under the Fourteenth Amendment. He contends that Mr. Kyriakodis had no authority to issue a "police citation," and that the citation is unenforceable because there is no information stated on the citation as to why "Kyriakodis seems to think there is a 'Tim Parr' in Bensalem Pa. (Bucks County) that is also responsible for this fictional 'summary defendant' [presumably R & G], or what kind of business activity was observed or ascertained in Upper Moreland Township (Montgomery County) that relates to anything at all." (ECF No. 2 at 5 (parentheticals in original, bracket added).) He alleges that, "As a charging instrument it is patently unconstitutional," as the charges "would have to issue on a full information, like a 'summary complaint before the magistrate.'" (*Id.*) He claims the "citation relates to no identified police agency in Pennsylvania, and it is also 'blank' as to the 'badge number' to its real officers. Township 'business tax officials' are merely civil inspectors, and not 'law enforcement officers'. They have no . . . powers of arrest. . . ." (*Id.* at 7.) With regard to Defendant Shapiro, Mr. Parr alleges that "[t]he failure of corporate Pennsylvania to develop a

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

computer system that prevents this kind of abuse and fraud and illegal simulation of summary criminal process is a *Monell* claim against the State." (*Id.* at 8.) As relief, Mr. Parr demands that this Court "quash the illegal 'police' summons," and award money damages. (*Id.* at 9.)

## II. STANDARD OF REVIEW

Because Mr. Parr appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Parr is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

3

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To plead a procedural due process violation, a plaintiff must allege two elements: (1) that he has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures employed to deprive him of liberty or property were constitutionally insufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). To the extent that Mr. Parr seeks to assert a Due Process claim based on Mr. Kyriakodis's issuance of a citation to R & G General Contractors, that claim, as well as the *Monell* claim against Defendant Shapiro for failing to implement a policy to prevent the issuance of such citations, are implausible because Mr. Parr has failed to allege how a citation issued to R & G General Contractors violated his own constitutional rights. Because Mr. Parr alleges in the Complaint that, *inter alia*, he and Mr. Michaels "don't know anything about an 'R & G Contractors'" (ECF No. 2 at 5), it is difficult to discern how his own liberty or property interests are implicated. If his own interests are implicated, i.e., if contrary to his express assertion Mr. Parr does have some ownership interest in R & G General Contractors, the process afforded by the Commonwealth to contest the citation is sufficient to protect those interests. Accordingly, because Mr. Parr fails to state how his own rights have been violated by the issuance of a citation issued to an entity he allegedly knows nothing about merely because it was mailed to his address, or state how the process to contest the citation is insufficient, he has failed to state a claim for violation of his due process rights.[2]

---

[2] Furthermore, a review of public records shows that the adjudication of the citation in the Montgomery Court Magisterial District Court is listed as "inactive" because the certified summons was undeliverable. *See Commonwealth v. R&G General Contractors*, Docket No. MJ-

4

Mr. Parr's claim against Mr. Kyriakodis, to the extent that it is based upon (1) his receiving the letter addressed to "R&G Contractors Attention: Tim Parr," and (2) his allegation that some unnamed persons instructed Kyriakodis "to vex 'Tim Parr,'" (ECF No. 2 at 7), fails to satisfy the requirements of Rule 8 and fails to state a plausible constitutional violation. Although he attached the letter to the Complaint, the only reference Mr. Parr makes to the letter is to ask, perhaps rhetorically, "Who is 'Tim Parr'?? What is this 'Bensalem Pa. address'? What is 'R&G Contractors' and how did [Mr. Kyriakodis] suddenly 'decide' that any of these sounds and symbols related to his employment?" (*Id.* at 5.) This fails to state any plausible constitutional theory and fails to provide the named Defendants with sufficient information to put them on notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue. *See Palma v. Borough of Lansdale*, Civ. A. No. 89-4647, 1991 WL 91557, *8 (E.D. Pa. May 28, 1991) (holding that allegations of various acts by the defendants, such as the issuance of citations or the writing of letters to business people making them aware of the new towing ordinance, were insufficient to establish a valid due process violation); *50157 Realty Corp. v. Roberts*, Civ. A. No. 98-4685, 1998 WL 872499, at *3 (S.D.N.Y. Dec. 15, 1998) (finding allegation of "orchestrated campaign of official harassment" to vague to state § 1983 claim). While a pattern of official harassment aimed at injuring a plaintiff's business interests may constitute a due process violation, *see Chalfy v. Turoff*, 804 F.2d 20, 22 (2d Cir. 1986); *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir. 1982), Mr. Parr has failed to allege any actual injury arising from any of Mr. Kyriakodis's or Mr. Shapiro's actions.

---

38208-NT-87-2019. Thus, even if receipt of R&G's citation at his address somehow violated Mr. Parr's rights, which it could not have, the fact that the citation was never enforced is further reason to conclude that the claim is implausible.

5

Accordingly, Mr. Parr's claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice and with leave granted to Mr. Parr to file an amended complaint if he can cure the defects noted by the Court. If he chooses to file an amended complaint, Mr. Parr is advised to state precisely how each Defendant unconstitutionally acted to violate his rights and how he was injured by those acts. Because Mr. Michaels failed to comply with the Court's prior Order, his claims will be dismissed without prejudice for failure to prosecute. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER, J.